■ HOTEL 57 LLC, Doing Business as FOUR SEASONS HOTEL NEW YORK, Respondent, v HARVARD MAINTENANCE, INC., Appellant. [816 NYS2d 420]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 18, 2005, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment based on spoliation of evidence, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this action seeking in excess of $300,000, representing the cost of replacing 16 windows that had been recently installed as part of plaintiff hotel's renovation of its 52nd floor penthouse presidential suite, it is undisputed that defendant was hired "to perform an initial construction of the glass." On May 20, 2002, defendant sent two window cleaners to "do an initial cleaning to remove construction dirt from the windows so that the Owner could inspect the glass for quality." After the window cleaners

had been working for a half hour, plaintiff's agent noticed scratches on all 16 windows on the north face of the penthouse, stopped work and summoned John McDermott, defendant's employee in charge of window cleaning, "to see the situation." He and plaintiff's agent as well as representatives of the general contractor inspected the scratches on the windows. Mr. McDermott denied that his workers had scratched the windows and believed the scratches were preexisting.

It is also undisputed that thereafter, plaintiff, without any notice to defendant of its intention to do so, destroyed and replaced the windows in question some six months after the alleged scratching and 16 months prior to commencement of this action. Such intentional destruction by plaintiff of evidence critical to its subsequent suit against defendant is particularly significant where, in its determining whether to replace the windows and in dealing with its claim to its own insurer, "numerous parties (owner, architect, glass manufacturing representatives, glass consultant) viewed the glass and stated it was scratched beyond repair."

The court's finding that defendant had the opportunity to inspect the windows both before and after the asserted damage is not fairly supported by the fact that Mr. McDermott was called to the scene after the window cleaners had been told to stop work and shown the scratched windows, and/or by plaintiff's letter two days later, advising defendant that it was "investigating the potential causes and cures for such scratches that were not there prior to the cleaning" and recommending that defendant notify its insurer "in the case that the glass may need to be replaced." Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.